**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL R. PEREZ,<br><br>             Plaintiff,<br><br>      v.<br><br>KEN CLARK, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:08-cv-00466-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 15)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.      Procedural History**

Plaintiff Daniel R. Perez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 15, 2008. On October 3, 2008, the Court issued an order finding that the complaint stated claims under the Eighth Amendment against Defendants Olmos, Perez, Sanchez, Paz, and Munoz for use of excessive physical force, against Defendant Munoz for the unconstitutional conditions of confinement in cell 232, and against Defendants Marquez, Jimenez, Haines, and Talle for denial of medical care, but did not state any other cognizable claims. Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. On November 5, 2008, Plaintiff filed an amended complaint.

///

///

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III. Plaintiff's Amended Complaint

### A. Summary of Allegations

Plaintiff is currently housed at Salinas Valley State Prison in Soledad. The events giving rise to the claims at issue in this action allegedly occurred at California State Prison-Corcoran. Plaintiff names prison staff members Clark, Roberson, Castello, Silva, Blanks Olmos, Perez, Sanchez, Paz, Munoz, Marquez, Jimenez, Haines, and Talle as defendants, and alleges claims for violation of the Eighth Amendment of the United States Constitution.

Plaintiff alleges that after refusing to accept a cellmate who was a danger to him, he was placed in cell 232 by Defendant Munoz as punishment. The cell was located in a unit for mental

health patients on medication and Plaintiff was subjected to loud banging day and night. Plaintiff alleges that inmates without mental health issues are not supposed to be housed in that unit, and he was unable to sleep, read, or think for many days, which included days he was in court.

On September 28, 2006, after returning from court and refusing to return to cell 232, Plaintiff was told he was going to be placed in a regular administrative segregation unit. After being restrained, Plaintiff realized he was being taken to cell 232 and let his legs go limp. Defendants Olmos, Perez, Sanchez, Paz, and Munoz proceeding to slam him to the ground, beat him, and kick him. Plaintiff alleges that he was taken to a holding cell and Defendant Perez placed the lanyard triangle attached to Plaintiff's handcuffs approximately nine feet in the air, which forced Plaintiff to stand on his toes to avoid tearing his shoulder blades and experiencing even greater pain. Plaintiff alleges that in addition to extreme pain and other injuries, he suffered tendon and ligament damage as a result of the incident.

Plaintiff was subsequently re-housed in cell 117 in the same unit. Plaintiff was placed on management cell status and had only the pair of boxers he was wearing. Plaintiff did not have a mattress, a blanket, clothing, toilet paper, toothpaste, or a toothbrush. Plaintiff alleges his cell was right next to an exterior door that was left open day and night, subjecting him to cold air. Plaintiff was on management cell status for ten days, and during that time, Plaintiff repeatedly asked for medical treatment for his injuries but was denied care by Defendants Marquez, Jimenez, Haines, and Talle.

**B.     Excessive Force Claim**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623,
///

628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's allegations describing the incident of physical force on September 28, 2006, are sufficient to give rise to a claim for relief against Defendants Olmos, Perez, Sanchez, Paz, and Munoz for use of excessive physical force.

### C.   Claims Arising From Conditions in Cells 232 and 117

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9 (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations concerning that level of noise he was subjected to in cell 232 are sufficient to state a claim against Defendant Munoz under the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996). However, Plaintiff's allegations regarding the conditions of cell 117 are not sufficient. Assuming the conditions as alleged were sufficient to state an Eighth Amendment claim, Plaintiff has not linked any named defendants to placement in the cell and the conditions complained of. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).

### D.   Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires a plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

4

deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff has sufficiently alleged the need for medical care for his injuries and the failure of Defendants Marquez, Jimenez, Haines, and Talle to respond to his requests for treatment. Accordingly, Plaintiff states a claim for violation of the Eighth Amendment.

### E.  Defendants Clark, Roberson, Castello, Silva, and Blanks

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick, 500 F.3d at 987. "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff has not alleged any facts which support his claim that Warden Clark, Sergeant Roberson, and Correctional Officers Castello, Silva, and Blanks violated his constitutional rights. Supervisory personnel such as Defendants Clark and Roberson may not be held liable under respondeat superior theory, Hydrick at 988, and Defendant Blank's compliance with Defendant Munoz's order to strip Plaintiff's cell is insufficient to support a claim under section 1983 because mere placement in a stripped down cell does not violate the Constitution as a matter of law, see Hudson, 503 U.S. at 9 ("[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."). There are no factual allegations concerning Defendants Castello and Silva.[1]

---

[1] In an attachment to the complaint that Plaintiff represents is not part of the amended complaint, court record p. 51, Plaintiff asserts that Defendants Castello, Silva, and Blanks were present during the incident of force against him, court record p. 55. Plaintiff's exhibits are not properly incorporated, Fed. R. Civ. P. 10(c), and it is not the duty of the Court to comb through unincorporated exhibits to sift out facts. However, even if the Court were to consider the attachment, the mere presence of Defendants Castello, Silva, and Blanks is insufficient to impose

IV. **Conclusion and Recommendation**

Plaintiff's amended complaint states claims under the Eighth Amendment against Defendants Olmos, Perez, Sanchez, Paz, and Munoz for use of excessive physical force, against Defendant Munoz for the unconstitutional conditions of confinement in cell 232, and against Defendants Marquez, Jimenez, Haines, and Talle for denial of medical care. However, the amended complaint does not state any other cognizable claims. Plaintiff was previously given leave to amend to cure these deficiencies but was unable to do so. Accordingly, further leave to amend is not warranted, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and the Court HEREBY RECOMMENDS:

1. This action proceed on Plaintiff's amended complaint, filed November 5, 2008, against Defendants Olmos, Perez, Sanchez, Paz, and Munoz for use of excessive physical force, against Defendant Munoz for the unconstitutional conditions of confinement in cell 232, and against Defendants Marquez, Jimenez, Haines, and Talle for denial of medical care;

2. Plaintiff's claim arising from the conditions of confinement in cell 117 be dismissed, with prejudice, for failure to state a claim; and

3. Defendants Clark, Roberson, Castello, Silva, and Blanks be dismissed based on Plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///
///

---

liability on them under section 1983 for use of excessive force. Hydrick, 500 F.3d at 988.

1  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
2  1153 (9th Cir. 1991).

4  IT IS SO ORDERED.
5  **Dated:   February 3, 2009**                               /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE