# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL R. PEREZ, | CASE NO. 1:08-cv-00466-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT MUNOZ'S MOTION TO DISMISS BE GRANTED |
| v. | |
| KEN CLARK, et al., | (Doc. 29) |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendation on Defendant's Motion to Dismiss**

**I.  Background**

Plaintiff Daniel R. Perez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 15, 2008. The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, and found that it states a claim against Defendants Olmos, Perez, Sanchez, Paz, and Munoz for use of excessive physical force, against Defendant Munoz for the unconstitutional conditions of confinement in cell 232, and against Defendants Marquez, Jimenez, Haines, and Talle for denial of medical care.[1] Fed. R. Civ. P. 8(a); Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).  On September 11, 2009, Defendant Munoz filed a motion to

---

[1] On April 3, 2009, Plaintiff's claim arising from the conditions of confinement in cell 117 was dismissed, with prejudice, for failure to state a claim; and Defendants Clark, Roberson, Castello, Silva, and Blanks were dismissed based on Plaintiff's failure to state any claims upon which relief may be granted against them.

1

dismiss Plaintiff's claim against him for the unconstitutional conditions of confinement in cell 232 for Plaintiff's failure to exhaust the administrative remedies. Fed. R. Civ. P. 12(b). On October 5, 2009, Plaintiff filed an opposition.[2] Local Rule 230(l). Defendant Munoz filed a reply on October 9, 2009.

**II.    Legal Standard**

The exhaustion provision of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for inmates' complaints regarding conditions of confinement. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first or second formal level. Id. at §§ 3084.5, 3084.6(c).

CDCR also has a process which allows inmates with disabilities to request a reasonable modification or accommodation by submitting a CDCR Form 1824. Id. at § 3085(a). Inmates may appeal any decision they are dissatisfied with by attaching the 1824 form to a 602 appeal form and

---

[2] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust by the Court in an order filed on July 13, 2009. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (Doc. 26.)

2

1 submitting it to the second formal level of review. Id. § at 3085(b). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 211-12; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**III.    Discussion**

At the time of the events relevant to Plaintiff's claim against Defendant Munoz, Plaintiff was incarcerated at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. (Doc. 15, 1st Amd. Comp.)

Plaintiff alleges that after refusing to accept a cellmate who was a danger to him, he was placed in cell 232 by Defendant Munoz as punishment. The cell was located in a unit for mental health patients on medication and Plaintiff was subjected to loud noises day and night. Plaintiff alleges that inmates without mental health issues are not supposed to be housed in that unit, and he was unable to sleep, read, or think for many days, which included days he was in court. (Id. at pp. 6-8.)

In order to satisfy the exhaustion requirement, prisoners are required to comply with the applicable procedural rules governing the appeals process, and it is the appeals process itself which defines the level of detail necessary in an appeal. Jones, 549 U.S. at 218; Griffin v. Arpaio, 557 F.3d

3

1117, 1120 (9th Cir. 2009). In California, prisoners are required only to describe the problem and the action requested. Tit. 15 § 3084.2(a). Therefore, the appeal must "'alert[] the prison to the nature of the wrong for which redress is sought'" and "'provide enough information, ... to allow prison officials to take appropriate responsive measures'" Griffin at 1120 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002) and adopting the Strong standard and quoting ), which "advances the primary purpose of . . . notify[ing] the prison of a problem," id. (citation omitted).

     Here, Plaintiff's claims against Defendant Munoz have to do with the conditions of his confinement within cell 232 that amount to a violation of the Eight Amendment – constant noise such that he was not able to sleep, read, or think for a number of days. Defendant Munoz submits evidence in the form of appeals logs and declarations from Appeals Coordinator R. Hall and Chief of Inmate Appeals N. Grannis showing that Plaintiff did not file any inmate appeals complaining of excessive levels of noise in cell 232. In opposition, Plaintiff submitted copies of four inmate appeals he filed – none of which in any way mentioned the volume and/or duration of noise while he was confined in cell 232. The only allegations stated by Plaintiff in any of these four inmate appeals that addressed his conditions of confinement mentioned that it was extremely cold while he was on "Management Status," because of a door being left open (despite his requests that it be closed). (Doc. 32, pp. 19-20.) Further, the main thrust of this inmate appeal, which was screened out as untimely, was that Plaintiff should not have been held in the psychiatric area and that management status was being used to unjustly punish him. (Id.)

     Plaintiff's allegations in his inmate appeal (that he was unjustly placed on management status in the vicinity of inmates with psychiatric issues, and was not provided appropriate clothing for exposure to extreme cold when a door was left open) do not provide enough information for Plaintiff to have exhausted his administrative remedies on his conditions of confinement claim against Defendant Munoz as there is nothing about these complaints that would alert prison officials that they needed to take responsive measures to reduce the volume and duration of noise experienced by occupants of cell 232. Griffin at 1120.

Thus, Defendant Munoz's motion to dismiss Plaintiff's claim against him for the unconstitutional conditions of confinement in cell 232 should be granted.

### IV. Conclusion and Recommendation

Defendant Munoz has shown that Plaintiff did not exhaust his Eighth Amendment claim against hem and he is therefore entitled to dismissal of the claim.[3] Accordingly, the Court HEREBY RECOMMENDS that Defendant Munoz's motion to dismiss, filed September 11, 2009, be GRANTED, and Plaintiff's claim against Defendant Munoz for the unconstitutional conditions of confinement in cell 232 be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 24, 2010**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

---

[3] "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones at 211 (citation omitted). Because the Court finds that Plaintiff failed to exhaust, it does not reach Defendants' motion for summary judgment, filed September 29, 2009.