# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL R. PEREZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00466-OWW-SMS PC<br><br>ORDER DIRECTING PARTIES TO ADVISE WHETHER THEY STIPULATE TO DISMISSAL OF THIS ACTION PER FEDERAL RULE OF CIVIL PROCEDURE 41<br><br>(Doc. 49.) |

　　　　This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Daniel R. Perez, a state prisoner proceeding pro se and in forma pauperis.  On May 24, 2010, Plaintiff filed an affidavit requesting to "withdraw" this case, which is construed as an attempt to voluntarily dismiss this action pursuant to Federal rule of Civil Procedure 41 (hereinafter "Rule 41").  (Doc. 49.)  Plaintiff's explanation for this action is that he is to be transferred to California State Prison Donavan, in San Diego, California and believes that would forfeit this Court's jurisdiction over this action, and that while he believes he could transfer his case to the United States District Court in the Southern District of California, he feels that justice would be best served by his withdrawal of this action.  (Doc. 49, 3:12-23.)

　　　　　This Court has subject matter jurisdiction over this federal civil rights action, pursuant to 28 U.S.C. § 1331, and venue is proper because the conduct in question allegedly occurred in this judicial district.  Thus, even though Plaintiff anticipates a transfer to the San Diego area, his case would remain in this Court.  If Plaintiff still wishes to dismiss this action, Rule 41(a)(1)(A) allows a plaintiff to "dismiss an action without a court order by filing:  (i) a notice of dismissal

before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Subsection (B) of Rule 41 provides that, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Subsection (2) of Rule 41provides in pertinent part that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . ." Thus, at this stage in the litigation, Plaintiff may not simply dismiss the action of his own accord.

Accordingly, IT IS HEREBY ORDERED that defense counsel is directed: (1) to advise the Court within fifteen (15) days from the date of service of this order whether Defendant is willing to stipulate to dismissal of this action under Federal Rule of Civil Procedure 41; (2) if Defendant is willing to do so, defense counsel is to concurrently submit a statement stipulating to dismissal of this action on Defendant's behalf, indicating whether Defendant is stipulating to dismissal of the action with or without prejudice and whether Defendant is willing to waive costs to which he might otherwise be entitled; and (3) if Defendant is not willing to stipulate to the dismissal of this action, defense counsel is to concurrently submit any objections to the dismissal of this action.

IT IS HEREBY FURTHER ORDERED that, within twenty-five (25) days of the date defense counsel's response is filed with the Court: (1) if Defendant is willing to stipulate to dismissal of this action under Federal Rule of Civil Procedure 41, Plaintiff is directed to submit a statement, signed under penalty of perjury indicating whether he desires to stipulate to dismissal of this action on any terms and/or conditions set forth in Defendant's response; and (2) if Defendant is not willing to stipulate to dismissal of this action, Plaintiff is directed to submit any arguments he has in response to any objections raised by Defendant to dismissal of this action.

IT IS SO ORDERED.

**Dated:   May 26, 2010**              /s/ Sandra M. Snyder

UNITED STATES MAGISTRATE JUDGE